IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CV No. 10-247 |
| v. | ) | CR No. 5-141 |
| | ) | |
| TONY D. ATKINSON | ) | |

## OPINION AND ORDER

### SYNOPSIS

In this criminal matter, a jury convicted Defendant of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced on June 29, 2007, to a term of 210 months imprisonment.

Defendant now brings a petition pursuant to 28 U.S.C. § 2255, contending that counsel was ineffective in seeking continuances; failing to adequately and timely investigate certain evidence; failing to subpoena certain witnesses; and failing to be familiar with the law relevant to a suppression motion. In addition, Defendant argues that the trial proceedings, taken as a whole, violated his due process rights.

For the following reasons, Defendant's Motion will be denied.

### OPINION

### I. APPLICABLE STANDARDS

**A. Section 2255**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402, 2004 U.S. App. Lexis

5692, at *4 (3d Cir. 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.. Ed. 2d 417 (1962). Moreover, "[c]onclusory allegations are insufficient to obtain § 2255 relief." Infante-Cabrera v. United States, No. 6-205, 1-1150, 2008 U.S. Dist. LEXIS 26280, at *16 (W.D. Tex. Feb. 25, 2008).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L.. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I consider Defendant's Motion according to these standards.

**B. Ineffective Assistance of Counsel**

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly

deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. Strickland, 466 U.S. at 689. In this analysis, the court cannot take on the role of "Monday morning quarterback." Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990).

Under applicable standards, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). These standards apply to both appellate and trial counsel. Lusick v. Palakovich, 270 Fed. Appx. 108, 110 (3d Cir. 2008).

To meet the first prong, a defendant must first show that counsel's performance fell below "the wide range of professionally competent assistance." Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. "[T]rial counsel is not required to interview every possible witness to be effective." United States v. Fuentes, No. 8-348, 2009 U.S. Dist. LEXIS 113787, at *11 (D. Ariz. Dec. 7, 2009). Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Baker v. Patrick, 345 Fed. Appx. 840, 843 (3d Cir. Pa. 2009). "'[A] particular decision not to

investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments,' and 'viewed . . . from the attorney's perspective at the time.'" Id. at 844.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Strickland, 466 U.S. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. Speculation and conjecture are insufficient to establish prejudice. See Infante-Cabrera, 2008 U.S. Dist. LEXIS 26280, at *16. A court need not evaluate both prongs of Strickland; if a claim fails either prong, it cannot succeed. Strickland, 466 U.S. at 697.

## II. DEFENDANT'S MOTION[1]

### A. Continuances - Grounds 1 and 9

First, I address Defendant's argument that he was prejudiced by

---

[1] If a habeas petitioner failed to raise an unpreserved trial error on direct appeal, he must show cause and actual prejudice for that failure. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L. Ed. 2d 816 (1982). A claim of actual innocence is an exception to this rule. Several of Defendant's present contentions relate to unpreserved trial errors, and are thus inappropriate for resolution here. Nonetheless, because Defendant's claim of innocence permeates his Motion, in an abundance of caution, I will consider all of his claims without resort to "cause and prejudice" or procedural default. I take note, however, that to the extent required, Defendant has not established cause and prejudice for potentially waived claims.

4

continuances or extensions sought by counsel, after the federal government adopted the case from the state, because some witnesses forgot facts and certain evidence may have been lost. Defendant does not attack any particular continuance, or the validity of the reasons therefor. Instead, he relies solely on the assertion that the sheer number of continuances, and the length of the delay thus occasioned, constituted ineffective assistance. As I observed on the record, defense counsel requested and received an unusual number of continuances in this case. However, mere atypicality does not necessarily translate into incompetence or deficiency. Defendant has identified no basis for finding that the requests resulted from his counsel's incompetence.

Moreover, Defendant has not demonstrated that the continuances caused him prejudice. That a delay may have resulted in the impairment of witness memories is insufficient to show prejudice. Cf. United States v. Pollack, No. 91-15646, 1992 U.S. App. LEXIS 15788, at *6 (9th Cir. May 12, 1992). "[A] petitioner may not use self-serving speculation to argue that a witness might have had favorable testimony." Fuentes, 2009 U.S. Dist. LEXIS 113787, at *10. Here, there are no grounds for finding a reasonable probability that, for example, the witnesses would have had improved recollection prior to any particular continuance, or that such recollection would have favored Defendant or otherwise led to a different outcome at trial.[2] Accordingly, I cannot accept Defendant's ineffective

---

[2]Indeed, at trial, the Government argued that it – rather than Defendant – might be prejudiced by the passage of time, and witness' fading memories. There is simply no basis for concluding that either the Government or Defendant would have benefitted from a witness' more perfect recollection. Moreover, I note that at trial, over the Government's objections, I permitted

5

assistance claim in that regard.

In addition, Defendant also claims that the delays caused the possible loss of a witness identification kit, which was completed by bank personnel soon after the robbery. Another witness, however, testified that such kits are not necessarily filled out, and that the bank had no record of such identification documents.[3] There is no evidence that delay, rather than any number of other causes, might have resulted in the kit's unavailability at trial. Moreover, there is no evidence that any such kit, if completed, described the perpetrator in a way that would have assisted the defense. Instead, the witness who described the kit at issue identified Defendant in the courtroom, and testified that she had also identified him at the preliminary hearing. Again, therefore, there are no grounds for concluding that but for the delay in reaching trial, a witness identification kit would have been located, and would have led to a different outcome. Accepting Defendant's argument would require a degree of speculation that is unacceptable under Section 2255.

Finally, Defendant contends that the Court failed to state the reasons that the continuances served the ends of justice, which outweighed other interests, as required by 18 U.S.C. § 3161. The Orders granting extensions of time, however,

---

the defense to suggest to the jury that witness credibility could be affected by the delay. Finally, witnesses who identified Defendant at trial had also identified him at earlier points in time.

[3]The lack of such a record likewise negates any claim of prejudice resulting from counsel's lack of knowledge that any such kit existed, or failure to adequately investigate the possibility of such a kit.

specifically address the required findings. See, e.g., Docket No. 40.[4]  Accordingly, I reject Defendant's claim that any lack of pertinent findings justifies habeas relief.

**B. Surveillance Videotape - Grounds 2, 3, 4, and 5**

Next, I address several of Defendant's assignments of ineffective assistance, which surround the existence of a potentially missing bank surveillance videotape, and witnesses who might discuss that videotape.  In particular, he argues that counsel failed to adequately investigate the existence of the videotape, and failed to subpoena or discover witnesses who might have known its whereabouts.

As discussed at trial, and confirmed by the Government in its present submissions, the Government was unable to obtain any such videotape up to and through the time of trial.   At trial, counsel for the Government stated:

> I quite frankly don't know any one in the case...who has ever seen this tape, I apologize because there has been lots and lots of talk about it....There is a possibility that it didn't actually record...I'm not sure if the tape really exists or not. I know there was lots of talk about it but I've never interviewed anyone who actually touched the videotape from that bank or who has ever seen it.  I've not talked to any prosecutors, state or federal, who have ever seen this tape either but we have...looked diligently....

Defendant cites to no evidence that his counsel might have been more

---

[4]That Order states, in pertinent part, as follows: "Specifically, the court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial....since, for the reasons stated in defendant's motion, the failure to grant such continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence...."

7

successful than the Government in obtaining the tape, or that the tape existed. The record reflects that Defendant's first and second lawyers never received a copy of the videotape. Indeed, the record comports with Defendant's acknowledgment that his attorney did "some" investigation into the tape's whereabouts. He asserts that his counsel sent someone to search for the video at the Allegheny County Courthouse, and, as she stated:

> We're trying to locate somebody who can testify about this tape that has vanished sometime. It seems to have vanished in the two years that it was pending in state court, from what we've been able to determine from the trial counsel, from all of the other investigation into it. We've been trying to find this tape since the outset of this case and we haven't been – it hasn't worked so far…I spoke to both of them [Defendant's first and second lawyers] and they never received a copy of the video tape and we're still looking.
>
> * * * *
>
> [D]espite the amount of research and investigation that we have put into this tape, and I know that [counsel for the Government]…he sent his FBI agent out to look for that tape as well and that FBI agent was unable to find it.

As the Court of Appeals indicated, the confusion over the tape's status does not show that the tape was suppressed or withheld. Under the circumstances, there is no basis for finding that counsel's investigation fell below applicable competence levels. It is not clear that counsel determined not to subpoena or investigate additional witnesses with potential knowledge of the videotape, as Defendant contends. If counsel made such a decision, however, such a determination was reasonable under the circumstances. I note, too, that the record reflects that Defendant's attorney dealt ably with the tape's absence.

8

She suggested to the jury, several times, that the absence of a tape weighed in Defendant's favor. The record reflects that she was reasonably effective with respect to this issue. Moreover, other than his own protestation of innocence, and his consequent assertion that the tape would have proved his innocence, there are no grounds for finding that it would have affected the outcome of the trial. In light of the weight of the evidence presented by the Government at trial, Defendant has not demonstrated a reasonable probability that the videotape, or witnesses purportedly involved with the videotape, would have made a difference in the outcome.

**C. Suppression Motion - Ground 7**

Next, I address Defendant's contention that counsel was ineffective, because she was unfamiliar with the law regarding a motion to suppress his post-arrest statement based on the lack of Miranda warnings. According to Defendant, counsel should have known that the statement was a "spontaneous utterance," rather than a custodial statement, and thus Miranda warnings were not required. Indeed, the Court denied the Motion. Nonetheless, the Motion was certainly a reasonable, and reasonably competent, effort. It is unclear how no attempt to suppress the statement would have been preferable to an attempt, albeit ultimately unsuccessful; it is likewise unclear how counsel's attempt could have prejudiced Defendant in any way.[5] I cannot afford Defendant habeas relief

---

[5]Defendant contends, briefly, that counsel should have requested a jury instruction on "spontaneous utterance." In the context of this case, however, that theory applies to the admissibility of his statement, rather than a matter for consideration by a jury.

9

on these grounds.

### D. Combination of Errors and Due Process - Grounds 6 and 8

Finally, Defendant contends that combined errors by counsel and the Court, taken together, deprived him of his due process rights. "Individual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process." Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008). At the trial, as evident from the trial transcripts, the Government amassed and presented significant evidence against Defendant, including several eyewitness identifications and the fact that when Defendant was apprehended, he had large amounts of paper money in his shirt. Therefore, and for the reasons discussed supra, even if considered cumulatively, Defendant has not shown a sufficient probability that the jury would have considered him innocent of the bank robbery, but for the allegedly improper acts. See Dolbin v. United States, No. 3-118, 2010 U.S. Dist. LEXIS 45811, at **5-6 (M.D. Pa. May 11, 2010). Therefore, Defendant is not entitled to relief on these grounds.

### E. Ineffective Assistance of Appellate Counsel

I take separate note of Defendant's suggestion that appellate counsel should have challenged the Court's rulings regarding the testimony of Mr. Parent, a defense investigator. Under Strickland, appellate counsel is not required to raise frivolous issues – or even all non-frivolous issues. See United States v. Bell,

No. 4-212, 2010 U.S. Dist. LEXIS 42947, at *38 (W.D. Pa. May 3, 2010). Federal Rule of Evidence 403 permits the exclusion of relevant evidence, if its probative value is substantially outweighed by the danger of misleading the jury.

> "A district court has broad discretion to determine the admissibility of relevant evidence in response to an objection under Rule 403." Rule 403 is a balancing test, and …"requir[es] sensitivity on the part of the trial court to the subtleties of the particular situation, and considerable deference on the part of the reviewing court to the hands-on judgment of the trial judge." We will not disturb the District Court's ruling unless it was "arbitrary or irrational."

United States v. Vosburgh, 602 F.3d 512 (3d Cir. 2010) (citations omitted).

In this case, the defense proposed that Mr. Parent testify that he obtained a copy of Defendant's state court file, and a state court order directing the prosecution to provide a copy of the surveillance video to the defense. I excluded evidence regarding the state court order, because it was misleading under the circumstances, which involved significant uncertainty about the tape's existence. According to applicable standards, there is no reasonable likelihood that a challenge to this ruling would have prevailed on the appellate level. There are no grounds for finding that appellate counsel was ineffective for failing to raise the issue.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated supra, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

11

**CONCLUSION**

In sum, under deferential standards applicable in this context, Defendant has not demonstrated a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure.  Defendant's proffer has failed to overcome the strong presumptions that the challenged actions might be considered sound strategy, and that counsel's actions fell within the wide range of reasonable assistance.  A certificate of appealability shall not issue.

An appropriate Order follows.

**ORDER**

AND NOW, this 4th day of June, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion pursuant to 28 U.S.C. § 2255 is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, United States District Court